OTTO KELL, Appellant, v. HELEN KELL, Appellee.

DIVORCE: Custody and Support of Children—Jurisdiction to Decree Support to Defaulting Defendant. Jurisdiction exists, in entering divorce decree in favor of plaintiff, to decree, against plaintiff and in favor of a nonappearing, nonresident defendant, support for children in defendant's custody, though plaintiff's pleadings are silent on the subject of support. Sec. 3180, Code, 1897.

DIVORCE: Support of Children—Modification of Decree—Accrued Payments. Accrued and unpaid payments for support of children are beyond the power of the court to modify.

DIVORCE: Support of Children—Monthly Payments—Penalty For Noncompliance. Decreeing a lump sum as support for children, payable in monthly installments, with proviso that the nonpayment of an installment should *ipso facto* work the maturity of the entire lump sum, is condemned.

*Appeal from Polk District Court.*—HUBERT UTTERBACK,
Judge.

TUESDAY, MARCH 13, 1917.

PLAINTIFF filed his petition October 13, 1915, praying
that a decree of divorce entered November 23, 1906, be mod-
ified in two respects: (1) That he be given the custody of
the youngest child, a boy of 10 years; (2) that he be re-
quired to pay no more for the support of the children, and
that execution issued, on which a supposed debtor has been
garnished, be recalled, and defendant and those acting for
her be enjoined from interfering with or annoying plaintiff
in his business. As grounds therefor, he alleged that three
of the four minor children have attained their majority;
that he is able and willing to care for the other; that, for
the past 15 or 18 months, he had been in poor health, con-
sequent on the administration of a poisonous drug, to his
great expense—had not earned to exceed $300; that he has
paid defendant the amount required of him to December,
1914, and delivered to her goods valued at $500, which
she agreed to accept as payment on the payments exacted in
the decree, and that defendant has caused execution to issue,
and parties with whom he had contracted to be garnished,
to the great injury of his business and property; and that
the portion of the decree requiring him to pay for the sup-
port of his children is void. The defendant put in issue
these allegations, except those relating to the ages of the
children, and averred that plaintiff was not a suitable cus-
todian for the youngest child; that she had cared for plain-
tiff when sick, at her home in Chicago; that he received
damages because of the administration of the poisonous
drug, and had received more on contracts than stated. On
hearing, a decree was entered continuing the minor son in
the custody of defendant, and judgment was entered for
his care during 11 months from January 1, 1915, in the sum

of $440, and for $810 for his care until 16 years of age, to be paid at the rate of $15 per month, beginning December 1, 1915, until the entire amount had been paid. The plaintiff appeals.—*Modified and Affirmed.*

*Mason & Dyer,* for appellant.

*W. F. Thomas,* for appellee.

LADD, J.—I. The parties were married
1. DIVORCE: custody and support of children: jurisdiction to decree support to defaulting defendant.
in 1881, and parted in August, 1906. On October 24th following, he petitioned for divorce on the grounds of desertion and cruelty, and a decree of divorce as prayed was entered, November 23d of the same year. She, though served with original notice in Chicago, Illinois, where she and her children had gone, did not appear or make defense, and the decree, in addition to divorcing the parties, ordered that:

"The question of final custody of the minor children to be adjudicated upon notice to both parties, the plaintiff to pay to the defendant for the support of the children the sum of $40 per month."

This last clause is said to have been entered without jurisdiction, for that the defendant was a nonresident. Had the entry been against defendant, interfering with the custody of the children or exacting contribution to their support or for alimony, the contention must have been sustained. *Kline v. Kline,* 57 Iowa 386; *Rea v. Rea,* 123 Iowa 241; *Johnson v. Matthews,* 124 Iowa 255. This is because of want of jurisdiction over the person of defendant. Here, the order of judgment was against the plaintiff, and surely it can hardly be claimed that the court was without jurisdiction as to him. Indeed, by filing the petition, he submitted himself to the court's jurisdiction; and, upon requisite service of original notice and proof thereof, it acquired jurisdiction of the subject-matter. He prayed that

the custody of the children be awarded to him, though no reference was made to their support, and it is argued that, as the pleadings were silent on that subject, the court was without jurisdiction to exact contribution thereto by plaintiff. The matter of the custody and support of the children is incidental to the granting of a divorce, and even though not mentioned in the pleadings, "when a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right." Section 3180, Code 1897; *Zuver v. Zuver*, 36 Iowa 190. The statute quoted endowed the court with the authority, in entering a decree, to provide for the maintenance of the children, issue of the marriage; and, as a natural obligation rested on the father to bear the expense of the support and education of his children, the court did not exceed its jurisdiction in exacting monthly payments as appears in the decree, even though they were residing with their mother in another state. Had such a provision been omitted from the decree, the weight of recent authority is to the effect that he might be compelled thereafter to contribute to their support. *Spencer v. Spencer*, (Minn.) 2 L. R. A. (N. S.) 851, and note, in which cases pro and con are collected. *McKay v. San Francisco Sup. Ct.*, 120 Cal. 143 (40 L. R. A. 585) ; *Gibson v. Gibson*, 18 Wash. 489 (40 L. R. A. 587) ; *In re Estate of Zilley*, (Wis.) 40 L. R. A. 579; *De Brauwere v. De Brauwere*, (N. Y.) 38 L. R. A. (N. S.) 508, and note. But whether such an action may be maintained or not, the statute quoted does confer authority on the district court, in entering a decree by default, to require the plaintiff to pay for the support and education of the children, fruits of the marriage dissolved. This statute is expressive of the policy of the state, which is interested in the relations of the parties, the care and training of the children, and the possibility that the latter may become burdens on the public.

II. The petition praying that the decree be modified was filed October 13, 1915, and the decree was entered November 29th following. Nothing had been paid under the original decree in 1915, and that appealed from contains a judgment for $440 as support money to December 1st of that year. It will be noted that payments for 10 months had accrued when the petition for modification of the decree was filed. No sufficient reasons are adduced for excusing these payments. True, he was sick in 1914 from the accidental administration of a poisonous drug, but he was paid $300 net as damages by the party responsible therefor. During his sickness, he was taken care of by plaintiff at her home, and besides paying for his board, he kept up the payments for support of the children throughout the year. Though not entirely recovered, he resumed work as decorator in February, 1915, had earned at least $300 before the trial, and had another contract not completed. His customary earnings per month or year are not disclosed, and we are unable to say from the record before us that the payments accrued were in excess of or out of proportion to his earnings or earning capacity. Certainly they had not been, prior to the time when the last of three children, other than the youngest, who were minors when moving to Chicago, had attained their majority. The defendant, who was without means, and earned her living by renting apartments and keeping three boarders, had not been overpaid, and we should not be inclined to interfere with payments accrued up to the entry of the modifying decree, even were this possible. The law, however, was settled on full consideration, in the recent case of *Delbridge v. Sears*, 179 Iowa 526, that payments exacted by the original decree of divorce become vested in the payee as they accrue, and that the court, on application to modify such decree, is without authority to reduce the amounts, or modify the de-

2. DIVORCE: support of children: modification of decree: accrued payments.

cree with reference thereto retrospectively; that the modifying decree relates to the future only, and from the time of its entry. The court rightly entered judgment for the amount of the installments accrued.

III. As all the children had attained their majority except a boy of 10 years, payments for his support were reduced to $15 per month until 16 years of age, but judgment was entered for the entire amount, or $810, "payable at the rate of $15 per month commencing December 1, 1915, and in default of any such payments, the entire sum remaining unpaid shall become due and payable." A somewhat similar provision was condemned in *Schlarb v. Schlarb*, 168 Iowa 364, and there is nothing in the record before us justifying its insertion in the decree before us. The decree will be modified so as to require plaintiff to pay to defendant, or to the clerk of court, at his election, $15 on or before the first day of each month, commencing December 1, 1915, until the boy Harold attains the age of 16 years, and, upon the omission to pay as required, execution shall issue, upon defendant's request, for all sums not paid as required. As the costs of this branch of the case are but nominal, all costs will be taxed to appellant. *Baker v. Chicago, M. & St. P. R. Co.*, 98 Iowa 438.

3. DIVORCE: support of children: monthly payments: penalty for noncompliance.

With this modification, the decree is affirmed.—*Modified and Affirmed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.