# Irwin F. B. Lloyd *vs.* Cora Weir, Individually and as Executrix, (Estate of Ellen M. Lloyd).

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued November 3d, 1932—decided February 7th, 1933.

*Thomas J. Birmingham,* with whom was *Joseph J. Mullen,* for the appellant (plaintiff).

*William S. Locke,* for the appellee (defendant).

MALTBIE, C. J. This action is brought against the defendant Cora Weir individually and as executrix of the will of Ellen M. Lloyd. The complaint alleged the following facts: In the will of Francis Bown, who died on October 20th, 1877, his wife was given the use, profit and income of all his estate during her life, with full power to buy, sell, invest and reinvest the same, after her death his daughter Mrs. Lloyd was given the use, profits and income of the estate for her sole and separate use, and after her death all the testator's estate was given to her legal heirs; and his wife was named executrix. She managed and controlled the estate as life tenant until her death February 25th, 1909. Mrs. Lloyd was then appointed administratrix d. b. n. c. t. a. and thereafter acted as such and also as life tenant. In these capacities, in 1914, under authority of the Court of Probate, she sold a portion of the real estate of the estate and received $2400 for it. In 1924, under the same authority, she attempted to make a conveyance of another piece of real estate to a daughter, the defendant Cora Weir, reserving to herself a life use in the property; she made no return to the Court of Probate of this conveyance; and in 1929 Mrs. Weir conveyed the property back to Mrs. Lloyd. The plaintiff, as remainderman under the will and as surety on the bond given by the life tenant, in 1926, on learning of the conveyance to Mrs. Weir, applied to the Court of

Probate for an accounting by the life tenant and asked that the conveyance be set aside. The Court of Probate decreed that the clause of the will giving the estate to the heirs of Mrs. Lloyd after her death was void under the statute of perpetuities in effect when the testator died, that Francis Bown therefore died intestate, and that Mrs. Lloyd as his sole heir took the entire estate in fee. Thereafter the plaintiff was released from his obligations upon the bond. Mrs. Lloyd died October 18th, 1931, leaving a will in which Mrs. Weir was named as executrix and as such she has taken possession of the assets of the estate of Francis Bown. The prayers for relief sought a declaratory judgment, in effect, that the Court of Probate had no power to adjudicate upon the validity of the clause in the will it held invalid, that its decree is not conclusive upon the plaintiff's rights, that the clause is not invalid, or, if it is, that its invalidity did not affect the whole will, that Mrs. Lloyd had a valid life use and the plaintiff and defendant were entitled to the estate at her death as sole heirs of Francis Bown and that the clause in question should not have been declared invalid until it became effective; the plaintiff also sought the removal of the cloud upon the title caused by the probate decree and relief in the nature of a writ of prohibition. The last claim has been abandoned. To the complaint and the prayers for relief the defendant Mrs. Weir demurred on many grounds which it is not necessary to set forth. The trial court sustained the demurrer and the plaintiff refused to proceed further and from the judgment rendered against him has appealed.

Although not clearly expressed, the essence of the relief which the plaintiff is seeking is a declaratory judgment which shall determine whether the decree of the Court of Probate upon his application for an

accounting conclusively settled the rights of the parties in the estate of Francis Bown after the death of Mrs. Lloyd and, if it did not, a determination of his rights in and to that estate. The facts which might be proved under the allegations of the complaint would afford the necessary basis for such a declaration of rights and we see no reason why the plaintiff is not entitled to a judgment fixing them. The questions which he sought to have settled could be reached in the ordinary course of legal procedure only by a considerable circuity of action. The demurrer attacks the complaint as though it sought only coercive relief. The only relief of that nature asked is the removal of the cloud upon the plaintiff's title caused by the probate decree. That prayer for relief is demurred to because it does not set forth what cloud on the title existed by reason of the probate decree or how the plaintiff is adversely interested in or affected by it. The estate of Francis Bown as it existed at the death of Mrs. Lloyd consisted, under the allegations of the complaint, of personal property and a possible right to have the real estate conveyed by Mrs. Lloyd to Mrs. Weir and by the latter back to the former, restored to the estate. The plaintiff has no title to any personal property of the estate until it is distributed to him, and the complaint falls far short of alleging that he has any title to any specific real estate which would afford a basis for the removal of any cloud upon its title. Construing the demurrer to this prayer for relief somewhat broadly, the trial court could properly sustain it. But the demurrer failed to set up any ground sufficient to defeat the claim of the plaintiff for a declaratory judgment and except as noted should have been overruled.

If the plaintiff is right in his contention, then the remainder interest in the property left by Francis

Bown after the death of Mrs. Lloyd would be intestate estate of Mr. Bown, to be administered as such. There is such a possible interest in the estate that the Court of Probate, on application, could appoint an administrator d. b. n. c. t. a. of his estate. *Chamberlin's Appeal,* 70 Conn. 363, 379, 39 Atl. 734. Such an administrator is a necessary party to this action and should be joined before the trial court takes other proceedings in it.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.