WILLIAM E. WHITWORTH, appellant, v. NADGY HEINZLE (nee Nadgy Whitworth) et al., appellees.

No. 48731.

(Reported in 70 N.W.2d 536)

JUNE 7, 1955.

Gilbert & Stoddard, of Oskaloosa, for appellant.

Bray, Carson & McCoy, of Oskaloosa, for appellee Nadgy Heinzle.

MULRONEY, J.—Plaintiff's petition, in a declaratory-judgment action, alleged that prior to October 7, 1950, he and the

1156

defendant Nadgy Heinzle were husband and wife. Nadgy Heinzle will hereinafter be referred to as the defendant, since the other defendant, Iowa Trust & Savings Bank, is an escrowee with no real interest in the determination of this case. Plaintiff alleged that on October 4, 1950, he and defendant entered into a written agreement, a copy of which was attached to the petition. It contains an agreement for separation and many provisions for the settlement of property rights between the parties and it provides for quarterly payments by plaintiff to defendant of $600, subject to certain provisions which would decrease the amount of the quarterly payments if plaintiff's income dropped below a certain figure or defendant acquired an independent income. The agreement provides rather vaguely that if the wife's independent income should equal or exceed the $600 quarterly payment "the parties shall confer with each other" with a view to making an agreed reduction of the quarterly payment. If agreement for reduction could not be reached there was provision for arbitration. The agreement provided that to secure the payments of $2400 a year for six years the plaintiff should purchase $7500 worth of United States Savings Bonds and deposit them with an escrowee who would be authorized to deliver bonds to defendant of the surrender value equal to the amount of any default of the quarter-annual payment. It is admitted this agreement was made in contemplation of a divorce, and the agreement stated if the parties were divorced and defendant remarried the payment of $2400 a year would cease.

Plaintiff's petition in this declaratory-judgment action went on to allege that the parties were divorced on October 7, 1950, and plaintiff attached a copy of the divorce decree. This decree mentions that the court has examined a written agreement entered into by the parties and "finds the same to be fair and approves said agreement and settlement of the affairs of the parties hereto."

Plaintiff alleges he deposited the $7500 in United States Savings Bonds with the Iowa Trust & Savings Bank, the other defendant, and he alleges some of these bonds have been transferred to defendant. In one count plaintiff alleges the terms

and provisions of the agreement are unenforceable and he alleges a justiciable controversy exists as between plaintiff and defendant for he contends he has no obligation to perform the agreement and is entitled to have the bonds the bank still holds returned to him, and defendant contends the agreement is binding and valid and an enforceable obligation. In a second count of the petition plaintiff alleged defendant had remarried.

The prayer of the petition was that the court declare the rights and liabilities of the parties under the agreement and that the court decree the same unenforceable and order the redelivery of the bonds still in the hands of the bank to plaintiff.

The defendant moved to dismiss the petition on the ground it constituted a collateral attack upon the divorce decree and it showed on its face no justiciable controversy existed between the parties. The trial court sustained the motion on both grounds and plaintiff appeals.

I. As we read the briefs it appears there is but a single issue. Defendant does not argue the petition was insufficient in that it failed to properly allege a controversy existed as to contract rights, or duties and obligations to be performed under a contract carried over into a divorce decree. The petition states the controversy existed and the only argument advanced by defendant is that the petition constitutes a collateral attack upon the divorce decree. It cannot be said plaintiff's contract obligations under the written contract or his obligations under the divorce decree, which mentions and approves a contract, but makes no award of alimony, are so clear as to render further declaratory relief a frivolous request. Defendant appears to concede this for she centers her entire argument on the collateral attack ground. The question then is whether an action for a declaratory judgment may be maintained to construe a decree of divorce and a separation agreement and settle an alleged controversy between the parties as to certain rights, duties and obligations arising thereunder, or whether such an action is subject to the objection that it is a collateral attack upon the divorce decree.

Our declaratory-judgment rules (261 to 269, R.C.P.) are substantially a copy of the Uniform Declaratory Judgments

Act, which has been the pattern for declaratory-judgment acts in all but a few states. Note, 10 A. L. R.2d 782. The declaratory-judgment action is a remedy that can be invoked to secure a declaration of rights, and rule 262, R. C. P., specifically provides it is available for the determination of rights and status "affected by * * * contract * * * [and] * * * any question of the construction or validity thereof or arising thereunder." The enumeration of rights affected by contract, and some others, is not a restriction on the general power to declare rights and status. Rule 261, R. C. P.

The case of Beach v. Beach, 57 Ohio App. 294, 296, 13 N.E.2d 581, 582, is practically identical with the case at bar. In that case there was a separation agreement incorporated into a divorce decree and the husband sought a construction in a declaratory-judgment action, praying it mean he should pay a lesser sum than the ex-wife contended he should pay. The declaratory-judgment act was the same as ours. In holding the declaratory-judgment action maintainable, the Ohio Court of Appeals said:

"Whether a judgment, or rather an alimony agreement, carried into the decree of divorce, is a contract or a contractual obligation now merged in a judgment seems to us of little moment or concern because of the judgment's ultimate effect and the inquiry to which it may be subjected. It is pointed out by the appellee that the relief now asked is obtainable by other means, that is, he might have breached the contract and thereby placed himself in such a position as to be chargeable with contempt of court.

"If such a course had been pursued the divorce court would have been compelled to construe the terms of the agreement of which it approved. So the end sought in either case would be the same. This being true, it appears to this court that this is a fitting case for invocation of a declaratory decree fully warranted by the act. Its application to a settlement agreement carried into a decree is indeed a salutory remedy. If such were not true, then this court would be in the anomalous situation of encouraging a litigant to do an act perhaps contemptuous

of a proper order of another tribunal. We are, therefore, of opinion that the remedy wisely chosen by the appellee is a proper one in his case, and of which we do approve. It is in no sense a request for a modification of the contract, but is only an application for construction of its terms."

In another very similar case, Putnam v. Putnam, 51 Cal. App.2d 696, 697, 699, 125 P.2d 525, 526, a husband sued for declaration of his rights under a separation agreement with his wife, which was incorporated in a subsequent divorce decree. The opinion states: "The appeal presents the simple question whether the Code sections providing for this form of [declaratory] relief are to be given a reasonable and sensible interpretation to afford the relief which the equities demand or whether they are to be nullified by the strict rules of legal procedure."

The opinion goes on to hold plaintiff could maintain the action, stating: "In suing for declaratory relief the appellant seeks an interpretation of the contract—not a modification of it."

There is much authority holding a real and substantial controversy over the effect of a judgment presents ground for relief under Declaratory Judgment acts. See Aetna Life Ins. Co. of Hartford, Conn. v. Martin, 8 Cir., Ark., 108 F.2d 824; Bond v. Avondale Baptist Church, 239 Ala. 366, 194 So. 833; Bengtson v. Setterberg, 227 Minn. 337, 35 N.W.2d 623; Lloyd v. Weir, 116 Conn. 201, 164 A. 386.

We are of the opinion the remedy chosen by plaintiff was proper. It is not a collateral attack on the divorce decree. There will be no modification of the decree in this action. We carry out the spirit of the declaratory-judgment act when we say it is not necessary for plaintiff to take a position which might place him in contempt of the court before a determination of his rights could be had.

We ignore that part of the trial court's ruling where the court "finds", in effect, for the defendant on the merits of the controversy. That issue could not be decided when ruling on the motion to dismiss the petition.

The ruling of the trial court is reversed.—Reversed.

All Justices concur.