**Mary Kathryn CHAMBERS, Appellee,**

v.

**Charles Mac CHAMBERS, Appellant.**

**No. 2–56963.**

Supreme Court of Iowa.

June 25, 1975.

Baird, Bowers & Oliver, Des Moines, for appellant.

Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellee.

Submitted to MOORE, C. J., and MASON, REES, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

The husband appeals the trial court's refusal to modify provisions of a divorce decree. We affirm the trial court.

The marriage of plaintiff Mary Kathryn Chambers (Mary Kathryn) and defendant Charles Mac Chambers (Charles) ended in divorce on April 19, 1965. Custody of the parties' daughter Mary Kathryn (Kristi) Chambers was awarded her mother. Kristi was ten years old at the time of the divorce and 19 at the time of hearing on the application to modify.

A stipulation was made part of the divorce decree and provided in part:

(A) Charles would pay $250 per month child support until Kristi "reaches her 21st birthday, leaves school and becomes self-sustaining or marries, which ever event occurs first";

(B) Charles would carry life insurance on his life until Kristi finished her higher edu-cation, the beneficiary being "Charles Mac Chambers, if living, otherwise, Mary Kathryn Chambers";

(C) Charles would pay for Kristi's higher education any time until she reaches age 22.

The decree was modified upon the application of Charles in some respects but the trial court refused to eliminate child support payments or to relieve Charles of the obligation to carry Mary Kathryn as beneficiary on his life insurance policy, or to allow him to make direct payments for Kristi's educational expenses. It is from the trial court's refusal to order the modifications in these three respects that Charles has brought this appeal.

Kristi lived with her mother from the time of the divorce until either April or June of 1973, depending on whether Charles' or Mary Kathryn's testimony is accepted. At that time she moved into the home of her father and his new wife. The record is unclear as to whether the move to Charles' home was intended to be permanent or a temporary visit. Kristi did not testify at the hearing on the application to modify. We gather from the testimony offered at the hearing Kristi's move was prompted by her desire for a less structured and more permissive environment. She had graduated from high school and was keeping company with a 23 year old divorced man who had a four year old daughter. At the time of hearing she was working about 40 hours per week at a photo studio and earning about $55 per week take-home pay. This was expended almost entirely for her personal expenses. She paid no rent to her father during the months she stayed in his home. Charles had bought her a car upon which he paid repairs and insurance.

When Kristi graduated from high school she intended to enter college in the fall. She was accepted at three colleges including Iowa State University at Ames. Her father paid a deposit for a dormitory room there. Kristi however changed her mind and did not go to college in the fall of 1973 but indicated she still desired to go some-

time in the future. Charles is anxious that she do so. At the hearing it appeared Kristi would attend beginning in the fall of 1974.

Mary Kathryn testified that during the hearing she had visited with Kristi and an arrangement had been made for Kristi to return to her home. Charles did not dispute Kristi's return to her mother's home was imminent. We find Charles did not establish any permanent move by Kristi from Mary Kathryn's home to his.

I. Governing principles in modification applications are explained in Mears v. Mears, 213 N.W.2d 511, 514–515 (Iowa 1973). Charles argues Kristi's attainment of majority was a change of circumstances not contemplated at the time of the decree. The period of minority was reduced by our legislature after the decree was entered. Formerly it extended to the age of 21 years. Under chapter 1027, § 49, Acts of the 64th G.A., 1972 Regular Session, the period was reduced to 19 years. (By chapter 140, § 49, Acts of the 65th G.A., 1973 Regular Session, the period of minority was reduced to 18 years.) § 599.1, The Code.

Charles argues the provision for child support was geared to Kristi's 21st birthday because such was then contemplated to mark the end of her minority. We took a similar view in In re Marriage of Briggs, 225 N.W.2d 911, 913–914 (Iowa 1975). Briggs was a direct appeal from an award for child support entered after the statutory amendment. The trial court there extended payments for child support to the children's 21st birthdays. We shortened the period for payment to their 18th birthdays.

However our holding in Briggs is not determinative of this appeal. In the instant case the decree discloses a plan which extends Charles' responsibility for Kristi, at least in part, to her 22nd birthday. And, under the plan, the responsibility might terminate prior to her 21st birthday, should Kristi leave school, marry or become self-sustaining. None of the latter alternatives have occurred.

As pointed out in Briggs the legislature, in the same chapter in which it shortened the period of minority, also amended § 598.-1(2), The Code, which provides for child support payments. It makes express allowance for support payments for children between the ages of 18 and 22 who attend college.

We believe the legislative intent is clear. The language of the original decree in the instant case, as it related to Charles' responsibilities for child support between Kristi's 18th year and 22nd year, was strikingly similar to that now appearing in § 598.1(2), The Code.

The trial court was right in refusing to find a change of circumstances on this ground.

II. Charles separately complains of the trial court's refusal to modify the decree so as to allow omitting Mary Kathryn as beneficiary of a life insurance policy. He urges he should be allowed to make the change because Kristi has reached her majority and because, he argues, she moved into his home.

We have said Charles failed to prove Kristi moved into his home. From the record before us Kristi's presence there in the months prior to hearing was not shown to be more than a highly tenuous temporary visit. It coincided with her graduation from high school and a tiff, apparently now settled, with her mother.

Our views of Kristi's majority were expressed in the preceding division. The requirement as to the life insurance policy was tied, not merely to Kristi's minority, but to her age and educational plans. The protection contemplated remains a viable interest.

The trial court properly refused to allow the change.

III. In view of the foregoing we also reject Charles' final complaint. It is addressed to the trial court's refusal to di-

rect that he make payments for Kristi's educational benefits directly to her. We see no reason to order a change in the original decree which was based on the parties' stipulation.

Affirmed.