Sharon K. GILLIAM, Appellant,

v.

William James GILLIAM, Appellee.

No. 2–57012.

Supreme Court of Iowa.

Oct. 19, 1977.

Patterson, Lorentzen, Duffield, Timmons, Irish & Becker, Des Moines, for appellant.

Maurer & Jones, Ames, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, REES, HARRIS and McCORMICK, JJ.

RAWLINGS, Justice.

On plaintiff-initiated contempt citation for nonpayment by defendant of divorce decree required child support, trial court cancelled past due arrearages and granted defendant credit for the plaintiff-obtained cash value of insurance coverage on defendant's life. Plaintiff appeals. We reverse.

Plaintiff (Sharon) and defendant (William) were divorced January 30, 1968, and by the decree entered William was required to make fixed child support payments to Sharon.

May 7, 1970, the aforesaid decree was modified in such manner as to release William from his previous obligation to maintain health and accident coverage for benefit of the children, and existing insurance on his life wherein the children were named beneficiaries. This modification provided, however, that in event William should choose to have benefit of release from his duty to pay premiums on the life policy, or otherwise cancel same, then Sharon could electively assume ownership of the policy.

Sequentially the policy was effectively given by William to Sharon and she later obtained $703.26, the cash surrender value thereof. In the interim Sharon paid premiums owing.

From January 11, 1968, until commencement of the instant contempt proceeding, William repeatedly failed to pay all child support owing by him. Although several proceedings were started in an effort to compel payment they never reached the hearing stage because of Sharon's reliance upon William's evasive promises. Finally on May 16, 1973, Sharon caused issuance of an order requiring William to show cause why he should not be punished for contempt. July 21, 1973, hearing was had and at close thereof trial court found William not in contempt. As a preface thereto the court cancelled William's obligation regarding support money accrued and owing by him prior to March 21, 1972. Additionally, trial court credited the above noted cash surrender value of William's life insurance coverage, obtained by Sharon, against accumulated support money due.

These are the issues presently raised by Sharon:

(1) Did trial court err in barring Sharon's recovery rights as to past due support money owing by William?

(2) Did trial court erroneously credit the cash surrender value of a policy owned by Sharon on William's life against child support owing by him under terms of the divorce decree?

I. Initially entertained is the last above stated issue.

By process of a modification of the original divorce decree Sharon, as aforesaid, acquired the policy of insurance on William's life and he, in exchange, was relieved of all responsibility for payment of attendant premiums. This means that if William had thereafter died leaving a substantial estate but owing accrued child support, the children as named beneficiaries would have been entitled to the insurance proceeds. Further, in such event, Sharon could still recover from William's estate all past due child support arrearages absent any offset for proceeds derived from the policy on William's life. It therefore follows that trial court, as an adjunct of the contempt proceeding, essentially modified the divorce decree by revesting in William all rights in the insurance proceeds realized from the same insurance policy of which he had fully divested himself.

■ But the court below was not confronted with a proceeding under the last sentence of section 598.21, The Code 1973, for modification of any prior decree. Consequently, disregarding substantive and procedural due process requirements not presently raised, trial court overreached in converting a contempt citation into a modification proceeding. *Roach v. Oliver*, 215 Iowa 800, 804–805, 244 N.W. 899, 901–902 (1932). See also *Jennings v. Jennings*, 56 Iowa 288, 291, 9 N.W. 222, 223 (1881). On this issue alone equity dictates a reversal.

■ II. The same precept, precluding modification in a contempt hearing alone, comes into play with equally dispositive force as to trial court's unjustifiable cancellation of past due child support owing by William. Briefly stated, *Anthony v. Anthony*, 204 N.W.2d 829, 834 (Iowa 1973), relied upon by William, is factually inapposite.

■ Furthermore, had this appeal stemmed from a modification of decree proceeding, trial court possessed no authority to exonerate liability for any or all then past due and accrued decretal support payments. As aptly articulated in *Wren v. Wren*, 256 Iowa 484, 489, 127 N.W.2d 643, 646 (1964):

"Modification of a decree for support payments operates prospectively and not retrospectively. The right to modify does not authorize the court to divest the parties of rights accrued under the original decree. *Delbridge v. Sears*, 179 Iowa 526, 530–533, 160 N.W. 218; *Kell v. Kell*, 179 Iowa 647, 651, 161 N.W. 634. Even where a decree is modified and a change is made the payments that have accrued up to that time cannot thereby be affected. *Walters v. Walters*, 231 Iowa 1267,

1270, 3 N.W.2d 595; *Kell v. Kell,* supra; *Horn v. Horn,* 221 Iowa 190, 197, 265 N.W. 148."

See also *Pucci v. Pucci,* 259 Iowa 427, 431, 143 N.W.2d 353, 356 (1966); *Guthrie v. Guthrie,* 429 S.W.2d 32, 36 (Ky.1968); *Kinsella v. Kinsella,* 181 N.W.2d 764, 770 (N.D. 1970).

Here again error attended the presently controverted portion of trial court's adjudication.

III.  Sharon also asks that fair and reasonable attorney's fees be awarded for the preparation and presentation of the instant appeal.

This matter is passed for the moment. But if on remand William shall be adjudged in contempt then trial court may, pursuant to Code § 598.24, fix and award reasonable attorney's fees for plaintiff in connection with all involved contempt proceedings, including this appeal.  Of course, we do not intimate what, if any, attorney's fee allowance shall be thus made.

This case is reversed and remanded with instructions to strike the adjudication from which appeal is taken and for further appropriate proceedings not inconsistent with the above holdings.

Reversed and remanded with instructions.