Janee VRBAN, Petitioner,

v.

Jack D. LEVIN, Judge of Iowa District
Court for Marion County, Respondent.

No. 85–175.

Court of Appeals of Iowa.

June 25, 1986.

Molly S. Frazer and Robin L. Cunconan, Student Counsel from Drake Campus Legal Services, Des Moines, for petitioner.

No appearance by respondent.

Heard by DONIELSON, P.J., and SNELL and SCHLEGEL, JJ., but considered en banc.

SNELL, Judge.

This case comes to us on a writ of certiorari arising from a declaratory judgment ruling issued by Judge Levin of the Fifth Judicial District.

Petitioner Janee L. Vrban was born on March 15, 1962. Her parents were divorced on July 28, 1978. The dissolution decree ordered her father to pay child support of $25 per week for Janee until such time as she "becomes self-supporting, or through school, including college, whichever occurs first." At the time of the dissolution, Janee was sixteen years old.

Janee began college at Drake University in the fall of 1980. She lived in the Drake dormitories her freshman year. During her sophomore year, Janee moved in with her mother due to the increased costs of her education. She borrowed money to purchase a car so that she could commute to school. During the summer after her second year of college, her mother asked Janee to move out. Janee moved back into a dorm when school started in the fall. Janee lived with her brother in his trailer in Pleasantville for the 1983 to 1984 school year.

By October of 1984, Janee had borrowed approximately $10,000 to pay for her college education. Drake considered her a dependent for purposes of receiving financial aid. Throughout college, Janee has been a full-time student in Drake's pharmacy program. She has worked at Iowa Lutheran Hospital part-time during the school year and full-time during the summers.

On June 15, 1982, Janee's mother, Myrna Clark, filed an application for modification of the dissolution decree requesting an increase in child support from $25 to $50 per week. Gregory Vrban filed a counter-application for modification contending that Janee had become self-supporting and therefore his child support obligation as to her should be terminated. He also requested custody of Janee's two younger sisters. Judge Brown of the Fifth Judicial District entered a supplemental decree of dissolution on August 29, 1983, awarding custody of Janee's two sisters to Gregory Vrban, but leaving the remainder of the original dissolution decree unchanged.

On September 19, 1984, Gregory Vrban filed an application for declaratory relief in the Fifth Judicial District, alleging that his child support obligation for Janee terminated in June of 1982 when she became self-supporting. The basis for filing the application was to clear title to real estate. Janee's mother filed a resistance denying that Janee was self-supporting. On January 7, 1985, Judge Levin issued a ruling that Janee became self-supporting in June of 1982 and therefore Gregory Vrban's child support obligation terminated as of that date. Judge Levin based his ruling upon two statements in Janee's October 28, 1984, deposition:

> The Court now having received and read the deposition of Janee L. Vrban finds that according to her testimony found in the deposition, she left her mother's home in the Spring/Summer of 1982. In answer to Mr. Roehrick's question, "And you were paying your own expenses at that time (Fall of 1982)", she answered, "Yes. There was no one else to rely on." Also when Mr. Roehrick asked the question, "Was your mother furnishing your support?", Janee L. Vrban answered, "We weren't even speaking."

Janee filed her petition for this writ of certiorari on February 5, 1985, contending that the district court exceeded its jurisdiction 1) in issuing the declaratory judgment which constituted an improper modification of a dissolution decree, and reversed another trial judge's modification decision, 2) in modifying the child support obligation retrospectively, and 3) in failing to join all necessary parties.

Certiorari is the method of bringing the record of a trial tribunal before the court for the purpose of ascertaining whether that tribunal exceeded its jurisdiction or acted illegally. *State v. West*, 320 N.W.2d 570, 573 (Iowa 1982). "The writ of certiorari is distinguishable from appeal in that certiorari prevents the body performing or exercising a judicial or quasi-judicial function from violating principles of jurisdiction or exceeding the scope of its authority, while appeal is aimed to relieve the individual litigant substantively or from mistake in applying adjective law." *Hohl v. Board of Education of Poweshiek County*, 250 Iowa 502, 509, 94 N.W.2d 787, 791 (1959). Generally, only a party to the challenged action may obtain the writ. *West*, 320 N.W.2d at 573. However, an exception exists which broadens the availability of the writ where no appeal is otherwise permitted and unless such relief is granted injustice will result. *Id.; Hohl*, 250 Iowa at 509, 94 N.W.2d at 791–92 (courts may make certiorari *available to all persons* who show a substantial interest in the matter challenged); *Hemmer v. Bonson*, 139 Iowa 210, 215, 117 N.W. 257, 259 (1908) (certiorari available remedy "to individual citizen who suffers peculiar injury by reason of a judgment or order entered in excess of jurisdiction"); 14 Am. Jur.2d *Certiorari* § 31 at 808 (1964) ("If a person not a party to the proceeding seeks to use the writ, he must show that the decision sought to be reviewed is directed against him or his property, in the sense that the enforcement of the decision would involve special, immediate, and direct injury to his interests.").

In the case at bar, although petitioner, Janee Vrban, was not a party to the declaratory judgment action, she had a substantial interest in its outcome. We, therefore, find that petitioner is a proper party in bringing this certiorari action.

De novo review is not permitted on certiorari; only questions of law are presented. *Cedar Rapids Steel Transp. v. Iowa State Commerce Comm.*, 160 N.W.2d 825, 831 (Iowa 1968).

In the case at bar, Gregory Vrban made no child support payments for Janee after May 1982. Judge Levin found that Janee was self-supporting as of June 1982 and, therefore, held that Gregory Vrban had no arrearages of child support arising after that date. It follows, then, that the trial court, as an adjunct of the declaratory relief proceeding, essentially modified the Vrbans' original divorce decree by eliminating Gregory Vrban's support obligation for Janee.

However, the court below was not confronted with a proceeding for modification of the prior decree under Iowa Code section 598.21 (1985). Consequently, the court exceeded its jurisdiction by converting a declaratory judgment action into a modification proceeding. Our resolution of this issue alone mandates a reversal. *See Gilliam v. Gilliam*, 258 N.W.2d 155, 156 (Iowa 1977) (trial court overreached in converting a contempt citation into a modification proceeding).

Furthermore, even had this writ stemmed from a modification proceeding, the trial court possessed no authority to exonerate Gregory Vrban from past due and accrued child support payments.

Modification of a decree for support payments operates prospectively and not retrospectively. The right to modify does not authorize the court to divest the parties of rights accrued under the original decree. *Delbridge v. Sears*, 179 Iowa 526, 530–533, 160 N.W. 218; *Kell v. Kell*, 179 Iowa 647, 651, 161 N.W. 634. Even where a decree is modified and a change is made the payments that have accrued up to that time cannot thereby be affected. *Walters v. Walters*, 231 Iowa 1267, 1270, 3 N.W.2d 595; *Kell v. Kell*, supra; *Horn v. Horn*, 221 Iowa 190, 197, 265 N.W. 148.

*Gilliam*, 258 N.W.2d at 156–57 (quoting *Wren v. Wren*, 256 Iowa 484, 489, 127 N.W.2d 643, 646 (1964)).

In the present case, the modification order of August 1983 necessarily established that Janee was not self-supporting and so

was entitled to child support at all times including June 1982. Judge Levin clearly overreached his authority by cancelling Gregory Vrban's past due child support from that date.

Our holding is also bolstered by the doctrine of issue preclusion.

> In general, the doctrine of issue preclusion prevents parties to a prior action from relitigating in a subsequent action issues raised and resolved in the previous action. When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties whether on the same or a different claim.

*Hunter v. City of Des Moines,* 300 N.W.2d 121, 123 (Iowa 1981) (quoting Restatement (Second) of Judgments § 68 (Tent. Draft No. 4, 1977)). Before issue preclusion may be employed, four prerequisites must be established:

> (1) the issue concluded must be identical; (2) the issue must have been raised and litigated in the prior action; (3) the issue must have been material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Id.*

■ In the case at bar, the identical issue of whether or not Janee was self-supporting in June of 1982 was raised in both the modification proceeding and the action for declaratory relief. This issue was litigated in the modification proceeding. The issue was material because in the modification proceeding the action was brought to increase Janee's support and Gregory Vrban cross-appealed claiming Janee's support should be terminated since she was self-supporting. The determination that Janee was not self-supporting was necessary for the conclusion reached by the modification court that Janee's child support would continue. Gregory Vrban was afforded a full and fair opportunity to litigate the issue of Janee's self-support in the earlier modification proceeding. No other circumstances justify affording him an opportunity to relitigate that issue. We conclude that under the doctrine of issue preclusion, Judge Levin was bound by the prior modification ruling and should not have allowed the issue to be relitigated in the declaratory relief action.

■ Because Judge Levin exceeded his jurisdiction, we reverse the declaratory judgment entered below. We further note that under Iowa Code section 598.1(2) (1985), Iowa courts may only order child support for a child in college until the child is twenty-two years old. *Chambers v. Chambers,* 231 N.W.2d 23, 25 (Iowa 1975); *In re Marriage of Briggs,* 225 N.W.2d 911, 914 (Iowa 1975) (legislature intended that support terminates at eighteen except where statute provides otherwise). Section 598.1(2) provides:

> "Support" or "support payments" means any amount which the court may require either of the parties to pay under a temporary order or a final judgment or decree, and may include alimony, child support, maintenance, and any other term used to describe such obligations. *Such obligations may include support for a child who is between the ages of eighteen and twenty-two years* who is regularly attending an approved school in pursuance of a course of study leading to a high school diploma or its equivalent, or regularly attending a course of vocational technical training either as a part of a regular school program or under special arrangements adapted to the individual person's needs; or is, in good faith, a full-time student in a college, university, or area school; or has been accepted for admission to a college, university, or area school and the next regular term has not yet begun; or a child of any age who is dependent on the parties to the dissolution proceedings because of physical or mental disability.

(emphasis added). Gregory Vrban cannot be required to pay support for Janee's college education once she turns twenty-two

regardless of the support provision in the dissolution decree. We find that the child support obligation to Janee terminated on March 15, 1984, her twenty-second birthday. However, his liability for child support payments prior to that date is established.

WRIT SUSTAINED.

All judges concur except SACKETT and HAYDEN, JJ., who dissent.

SACKETT, Judge (dissenting)

I would annul the writ.

### I.

The declaratory judgment entered by Judge Levin did not modify the dissolution decree, reverse another trial judge's modification or modify a child support obligation retrospectively. The majority would determine the modification order of August, 1983, established Janee was not self-supporting and thus was entitled to child support at all times including June, 1982. The majority further held:

> The determination that Janee was not self-supporting was necessary for the conclusion reached by the *modification* court that Janee's child support would continue.

I fail to find, however, any such determination or holding in the August, 1983, modification order. The August, 1983, order modified the custody award of Christi and Marci and then provided:

> Except as modified herein, the decree date July 28, 1978, is in all other respects unchanged and remains in full force and effect.

That original dissolution entered on August 18, 1978 provided:

> Gregory P. Vrban *pay to Myrna J. Vrban* ... child support for the children, Janee L. Vrban ... until such time as each becomes *self-supporting,* or through school, including college, whichever occurs first.

The original decree also held the support was to terminate when Janee became *self-supporting.* This provision of the decree was never modified. The point or points of termination of support were determined by the decree. The only issue was when these points were reached.

A determination of when those points are reached is not a modification. The issue is no different than a provision the support terminate at age 18. The issue then would be when the child was 18.

I recognize that respondent's answer and counterclaim contained a prayer asking the court to state the two older children were self-supporting. However, it is very clear the modification decree *did* not address the issue nor should it have addressed the issue because the prayer was not in fact a modification issue. Therefore, the issue was a proper one for declaratory judgment because the action was for a determination of an existing right, not for the creation of new rights or the extinguishment of old rights.

Further, I would hold Judge Levin's declaratory judgment action was *not* a modification. It did not modify either the support or the time of payment of support. Rather, since the original decree provided support should terminate when the child *becomes self-supporting,* the declaratory judgment action merely determined when the child became self-supporting. As such this case is clearly distinguishable from *Gilliam v. Gilliam,* 258 N.W.2d 155, 156 (Iowa 1977) where the trial court *cancelled* a judgment.

### II.

I am also troubled by the majority's statement "Judge Levin clearly overreached his authority by cancelling Gregory Vrban's past due child support from that date."

What the majority fails to realize is Judge Levin did not cancel past due child support, he merely made a determination as to when child support terminated. I quote from his ruling:

> ... decreed that the respondent's child support obligation for Janee L. Vrban terminates the last week of May, 1982."

The Iowa Supreme Court has held that a real and substantial controversy over the effect of a judgment presents ground for relief under declaratory judgment acts. *See Whitworth v. Heinzle*, 246 Iowa 1155, 70 N.W.2d 536 (1955).

Here we are dealing with the *effect* of the judgment. Judge Levin's order was *not* a modification and it did not cancel accrued support because if Janee were self-supporting no support accrued.

Without addressing Janee's standing in the certiorari action, I would determine she was not a necessary party to the declaratory judgment action. We are dealing here with a person who has reached her majority. The only legal obligation a parent has to help with the education of an adult child is that obligation which can be imposed under Iowa Code § 598 (1985). If Janee's parents were still married to each other neither could be forced to contribute to Janee's college support.

In *In re Marriage of Vrban*, 293 N.W.2d 198, 201–02 (Iowa 1980), the Iowa Supreme Court upheld the constitutionality of § 598, holding even well-intentioned parents, when deprived of the custody of their children, sometimes react by refusing to support them as they would if the family unit had been preserved.

The obligation to pay support to children of divorced parents beyond their 18th birthday is an obligation created solely by statute. Therefore, if the right for Janee to enforce a judgment against her father but in favor of her mother is to exist, the legislature *not* the courts should make this extension.

For the above reasons, I would annul the writ.

HAYDEN, J., joins this dissent.