**In the Matter of the ESTATE OF Donald L. BLACK.**

**Nancy Black KRUSE, et al., Plaintiffs–Appellants,**

v.

**Janet S. BLACK, Executrix of the Estate of Donald Black, Defendant–Appellee.**

**No. 88–1867.**

Court of Appeals of Iowa.

Nov. 27, 1989.

Robert A. Hutchinson and September Wethington–Smith of Brown, Winick, Graves, Donnelly, Baskerville & Schoenbaum, Des Moines, and Eloise Lorch Rippie, Ames, for plaintiffs-appellants.

Lyle A. Rodenburg, Council Bluffs, for defendant-appellee.

Heard by SCHLEGEL, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

The sole issue is whether the trial court was correct in disallowing a claim in the estate of decedent Donald L. Black. Appellant Nancy Black Kruse, a former wife of decedent, claimed decedent had an obligation to provide life insurance policies for her benefit and the benefit of their children. Nancy based her claim on a paragraph of Donald's and her dissolution decree that provided as follows:

LIFE INSURANCE. Each of the parties shall maintain life insurance as is currently in force with either the other party or the parties' two (2) children named as beneficiaries.

The dissolution decree made no provision for alimony for Nancy. Nancy remarried before Donald's death. The dissolution decree made support awards for the two children. Before Donald's death, however, his parental rights were terminated and the children were adopted by their stepfather, and the support awards were terminated.

The decree was the result of a stipulation between the parties which was approved by the trial court and made a part of the dissolution decree. At the time of Donald's death there were no insurance policies on his life payable to either Nancy or the children. Nancy filed this claim, contending the insurance provision of the dissolution decree should be enforced. The trial court determined the life insurance provisions were security for the child support obligation. The court found the child support obligation was terminated by the adoption decree, and denied the claim. Nancy contends the life insurance paragraph created a property right and as such was a property division and must be enforced. We find the trial court was correct in its determination any obligation under the paragraph was terminated by the adoption decree.

Many jurisdictions, including Iowa, recognize a decree in a divorce or dissolution suit may properly contain a provision as to the disposition of insurance policies on the life of a spouse obligated to pay child support or alimony. *Chambers v. Chambers*, 231 N.W.2d 23, 25 (Iowa 1975); *see also Hardy v. Hardy*, 46 Ala.App. 253, 257, 240 So.2d 601, 605 (1970); *Bosem v. Bosem*, 279 So.2d 863, 865–66 (Fla.1973); *Justis v. Justis*, 384 N.W.2d 885, 889 (Minn.Ct.App. 1986); *Schwaninger v. Schwaninger*, 192 Neb. 681, 686, 223 N.W.2d 829, 832 (1974); *Foregger v. Foregger*, 40 Wis.2d 632, 648a– 48b, 162 N.W.2d 553, 561 (1968).

In a recent decision, *Stackhouse v. Russell*, 447 N.W.2d 124 (Iowa 1989), our supreme court found that a divorced father may be compelled, by the terms of a divorce decree, to maintain his two daughters as beneficiaries of his life insurance, even though both children were of majority age at the time of the decree. The facts in *Stackhouse* are distinguishable from those in this case, however. When the divorce decree here was filed, decedent's two children were minors for whom decedent had a legal support obligation. We find the insurance provision of the decedent's divorce decree was intended to insure the obligation of support that decedent owed to these children. Thus, when the children were adopted by their stepfather, decedent's obligation to maintain insurance for their benefit ended with his obligation to support them.

In assessing continuation of responsibility to maintain a life insurance policy with a child as beneficiary, we are directed to assess whether the protection contemplated remains a viable interest. *Chambers v. Chambers*, 231 N.W.2d 23, 25 (Iowa 1975); *Nicolls v. Nicolls*, 211 Iowa 1193, 1199, 235 N.W. 288, 290 (1931). The decedent's obli-

gation to support his children had ceased being a viable interest before he died.

There is little basis to accept Nancy's argument the provision was a property settlement for her benefit. The fact the provision was reciprocal would further indicate the provision was for protection of the obligation each party had to the support of the children. There being no continual reciprocal duty for spousal support or alimony between the parties following the entry of the decree, we determine, as did the trial court, the provision was only for protection of the child support. *See Perkins v. Perkins*, 310 So.2d 438, 439 (Fla.Dist.Ct.App. 1975). When the child support obligation of decedent was terminated by the adoption decree, there was no viable interest to insure and the insurance provision terminated. We affirm the trial court.

AFFIRMED.