**Vern A. YEGGY, Joseph Yeggy, Paul Yeggy, Stella Yeggy, and Amelia Yeggy, Plaintiffs,**

v.

**IOWA DISTRICT COURT FOR WASHINGTON COUNTY, Defendant.**

No. 85–909.

Supreme Court of Iowa.

Dec. 17, 1986.

Dennis S. Clark, Iowa City, for plaintiffs.

Considered by REYNOLDSON, C.J., and HARRIS, SCHULTZ, LAVORATO and NEUMAN, JJ.

SCHULTZ, Justice.

After holding for the plaintiffs in an action upon a promissory note, the trial court directed the clerk of court to release plaintiffs' cash attachment bond without the interest accrued on it. Following an appeal and a limited remand, we ordered that the notice of appeal should be treated as a petition for writ of certiorari challenging the legality of the district court's order refusing to direct the release to the plaintiffs of the interest earned on the bond. As we find no illegality, the writ is annulled.

Plaintiffs Vern A. Yeggy, Joseph Yeggy, Paul Yeggy, Stella Yeggy and Amelia Yeggy filed an action on a promissory note and sought to attach certain property of the defendant, Michael Schneider. Plaintiffs filed a cash bond which was accepted by the clerk of district court for Washington County. Apparently the clerk invested the funds pursuant to Iowa Code section 602.-8103(5) (Supp.1983), and the State of Iowa received the interest during the pendency of the action and until the trial court released the attachment bond.

I. Plaintiffs first complain that the clerk of court should have accepted certificates of deposit as security rather than requiring a cash bond. While this contention may have been raised before the trial court, plaintiffs have provided no record showing that the clerk refused to accept certificates of deposit as security for the attachment bond. Plaintiffs have the burden of proving either that the trial court acted illegally because its findings of fact were not supported by substantial evidence or that the trial court misinterpreted the law. *State v. West,* 320 N.W.2d 570, 574 (Iowa 1982). Having failed to produce a record of what transpired, plaintiffs failed to meet their burden of proof on this issue.

II. Plaintiffs next challenge the trial court's ruling on remand that the clerk of court properly deposited the cash bond for the benefit of the State as authorized by section 602.8103(5). This section provides in part:

The clerk may:

. . . . .

5. Invest money which is paid to the clerk to be paid to any other person in a savings account.... The interest earnings shall be paid into the general fund of the state, except as otherwise provided by law.

Plaintiffs point out that Iowa Code section 602.8102(5) places on the clerk the duty to notify the person who is entitled to receive money on deposit with the clerk in the amount of $500 or more within forty days of the receipt of the money by the clerk. Plaintiffs urge that this notice must be given prior to the investment of money under section 602.8103(5), and that the clerk did not give appropriate notice in this case. We disagree.

Section 602.8103(5) does not require notice to anyone prior to the investment of money. Section 602.8102(5) merely provides for notice to persons "entitled to the money" held by the clerk of court for a period over thirty days. This latter section is not applicable to the plaintiffs, who knew that the money was being held by the clerk of court, and who were not entitled to the money until the court released the attachment bond after the conclusion of the action.

■ III. Plaintiffs further contend that section 602.8103(5) does not pertain to bonds deposited with the clerk. Plaintiffs conceded in oral argument that they could not have required the clerk of court to invest the money for the purpose of securing interest during the pendency of the bond. We agree with this concession and note that section 639.11 does not provide for a cash bond, nor does it provide that if a cash bond is accepted the cash should be invested for the benefit of the party who is entitled to the proceeds at the termination of the proceeding. Consequently, we find no statutory basis for plaintiffs' claims that they are entitled to interest from the investment made pursuant to section 602.-8103(5).

Furthermore, we believe that the broad language of section 602.8103(5), allowing the investment of money for the benefit of the State when it is paid to the clerk "to be paid to any other person," would apply to a cash bond received as surety under section 639.11. Such a bond is "conditioned that the plaintiff will pay all damages which the defendant may sustain by reason of the wrongful suing out of the attachment." *Id.* The attachment bond is released if the plaintiff is successful in the accompanying suit. Consequently, regardless of the outcome of the attachment proceeding, the clerk is holding the money for the benefit of another person.

Because we find that the trial court did not act illegally, the writ is annulled.

WRIT ANNULLED.