MABEL M. PECK, Plaintiff, v. LELAND E. PECK et al., Defendants. C. H. HANOLD, Appellant, v. L. E. PECK et al., Appellees.

DECEMBER 14, 1928.

REHEARING DENIED MARCH 8, 1929.

*James E. Remley*, for appellant.

*George C. Gorman*, for appellees.

FAVILLE, J.—Mabel M. Peck and Leland Peck were husband and wife. On or about June 26, 1923, Mabel obtained a decree of divorce in the district court of Jones County, and was awarded the custody of the three minor children of said parties. Said decree provides:

"It is further ordered and decreed by the court that said defendant shall pay to plaintiff the sum of fifty dollars monthly, commencing on the first day of July, 1923, towards the support

and maintenance of said minor children, the same to be paid into the office of the clerk of this court, and said payments to continue until said children shall have respectively attained the age of sixteen years, unless plaintiff should remarry, in which event the said amount of fifty dollars shall be reduced to sum of thirty dollars per month; and judgment is hereby rendered against the defendant and in favor of the plaintiff for the aforesaid sum of fifty dollars ($50.00) per month, as aforesaid.''

Leland defaulted in making payments of alimony, as provided in said decree. In due time, Leland became a beneficiary in the estate of his grandfather, and it transpired that the sum of $504 was in the hands of the executor of said estate. On or about October 1, 1925, Leland was in default in his payments of alimony to the extent of $506.25. On October 3, 1925, Mabel caused execution to issue on said decree for alimony, and the same was served on the executor of the estate of the grandfather of Leland. Prior to said date, however, to wit, on January 27, 1925, the appellant, Hanold, had obtained a judgment in said court against both Mabel and Leland. The executor of the estate paid the said share of Leland into the hands of the clerk of the district court. On December 27, 1926, appellant obtained execution on his said judgment versus Mabel and Leland, and garnished said clerk. Mabel's garnishment precedes that of the appellant. The question is whether or not appellant can hold the fund, to satisfy his judgment against Mabel.

After the divorce, Mabel married a man by the name of Speer, and she and said minor children are now residents of the state of Michigan.

Issue was joined between the parties. A joint answer was filed to appellant's petition, which recites that it is filed in behalf of said minors by Mabel, their next friend, and by Mabel individually. There was no guardian. Later, Mabel amended her answer by alleging:

''That the only claim to or interest in the funds in question and garnisheed herein that she individually asserts herein is that of the mother and next friend of Harland, Junior, and Robert Peck, minors, under the terms of the stipulation of settlement and decree of divorce referred to and mentioned in the answer herein, and whatever right or title therein and there-

to that is vested in her under the circumstances of the case and the terms of said stipulation and decree, for the use and benefit of said minors."

The appellee Mabel claims the right to hold the fund in controversy under the decree in her favor and against Leland, and also claims that said fund is one in which she has no personal interest, and hence that it cannot be made subject to the payment of her antecedent debts.

Section 10481, Code of 1924, is as follows:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right.

"Subsequent changes may be made by it in these respects when circumstances render them expedient."

Pursuant to this statute, the court awarded custody of the minor children to Mabel, and made provision for the payment of certain funds by Leland "towards the support and maintenance of said minor children." It is important to note that there was no award of alimony for the support of Mabel herself. The divorced husband was required, by order of court, to contribute "towards the support and maintenance" of his minor children. Under the decree, this was to cease when the children attained the age of 16 years, respectively. If Mabel remarried, the amount was to be reduced. Under the quoted statute, the amount might be increased or diminished, upon proper application and showing. In such cases, the court, in a quite proper sense, exercises a continuing guardianship over the children, and may make changes in the allowance for their support as new conditions arise. *Ostheimer v. Ostheimer*, 125 Iowa 523. There is nothing in the decree that indicates that the award of alimony was intended by the parties or by the court as being a provision for the personal benefit or support of Mabel. It was clearly and expressly for the benefit of the minor children. Had there been a decree and judgment in favor of Mabel, in her own right, for alimony which was awarded for her personal benefit, we would have an entirely different question before us. Whether or not, under such a decree and judgment for alimony to be paid to a divorced wife for her personal benefit, the allowance, when due, can be subjected to the antecedent or subsequent debts of the

wife, is a question not before us, and upon it we make no pronouncement. The award in the case involved herein was not in any proper sense an award to Mabel in her own right. It was an award to her as custodian of the minor children, to aid in their support.

A third party, an individual, or a corporation might have been made the custodian of the children, under certain conditions. Had this been done, and an award for their support been made, it could scarcely be contended that the creditors of such custodian could subject the fund, by garnishment, to the payment of the custodian's debts.

While Mabel had the right to collect this fund, it was an obligation which, under the decree, was to be paid to her *as custodian*, and not as alimony granted to her in her own right. Whether or not, as a special fund, it might, in a proper case, be subject to debts incurred for the support of the children, is not involved in the case before us. We limit our decision to the single question that, under the statute, and the terms of the decree under consideration, the fund in question was payable to Mabel solely as custodian of said minor children, and not in her personal right; and, this being so, it was not subject to garnishment for her personal debts. As bearing somewhat on the question discussed, see *Spain v. Spain*, 177 Iowa 249; *Franklin v. Bonner*, 201 Iowa 516.

The foregoing is conclusive of the case, and the judgment of the district court is affirmed.—*Affirmed.*

STEVENS, C. J., and EVANS, ALBERT, MORLING, and WAGNER, JJ., concur.