DORIS M. HENRY PICHT, appellee, v. GERALD J. HENRY, appellant.

No. 50231.

(Reported in 107 N.W.2d 441)

FEBRUARY 8, 1961.

Larson & Carr, of Charles City, for appellant.

Alfred A. Beardmore, of Charles City, for appellee.

SNELL, J.—This is a financial controversy between parents of minor children following a decree of divorce incorporating a stipulation for property settlement, child custody and support.

Plaintiff, Doris M. Henry Picht, and defendant, Gerald J. Henry, were wife and husband and are parents of two minor children. They were divorced November 6, 1958. Custody of the children was awarded plaintiff. The decree approved and incorporated by reference the stipulation of property settlement and child-support payments signed by the parties.

The stipulation provided for custody of the children and that "Defendant shall pay Plaintiff the sum of Forty Dollars per week for the support of the minor children of the parties," and "Plaintiff shall be the sole owner of the home", describing it, and then provided: "If at any time Plaintiff should sell said home, Plaintiff agrees to pay Defendant One Thousand Dollars." Plaintiff also received the household goods and defendant a 1951 Buick automobile.

In June 1959, after the remarriage of plaintiff and with her consent and defendant's, the court reduced the child-support payments to twenty dollars per week.

Child-support payments, as required, were made through July 1959.

The home of the parties was subject to a first mortgage to the Veterans Administration and a second mortgage to plaintiff's father. Plaintiff sold the house in June 1959 for $9133.58.

This was $3000 for the equity above the first mortgage. Plaintiff received a down payment of $100 and after deduction of miscellaneous expenses incident to the sale a final balance of $2400.91. From the total received by her she paid her father $1000 for a release of his second mortgage. She also paid some other debts, some of which she says were joint obligations of plaintiff and defendant and some were her own, incurred after the divorce. She has paid no part of the $1000 to be paid defendant when the house was sold.

On May 21, 1960, plaintiff started this action against defendant to collect $740 unpaid child support to that date. The prayer of her petition seeks recovery "as custodian of the funds for the support of the minor children." She also asks general equitable relief.

Defendant does not deny nor seek to avoid his obligations for child support, but says in substance plaintiff has $1000 of his money and he should have credit therefor.

Plaintiff's testimony in her own behalf is indefinite and unsatisfactory. She tells of conversations with defendant about the sale of the house and that she did not think she could pay him $1000 as she was not getting enough for the house and about the reduction in the amount of child support. She could not recall defendant's statements except that he was disappointed.

Plaintiff's claim that the stipulated payment was due defendant only on condition the home could be sold for a certain sum and that subsequent oral agreements waived the payment is not supported by the record. Definite written obligations are neither satisfied nor waived by indefinite, uncertain and hazy recollections of subsequent conversations. Acquiescence is not established by mere disappointment.

The real issue is whether the claim for child support is the property of plaintiff against which defendant is entitled to offset the $1000 due him from plaintiff on the house sale.

Relying on the authority of Peck v. Peck, 207 Iowa 1008, 222 N.W. 534, the trial court held defendant has no right to offset any debt plaintiff may owe him personally against the award of support money for the minor children.

The Peck case holds money awarded a mother in a divorce

decree for support and maintenance of her minor children is not subject to garnishment under a personal judgment against the mother.

Neither the soundness of the reasoning nor the result in the Peck case is questioned, but that decision is based upon and limited to a different situation than we have here. There the court was protecting the rights of children to support money against the claim of an outsider who was a stranger to the family agreements and obligations. Where the controversy is between parents, both legally liable for child support, the problem as to how expense shall be apportioned, or what assets shall be first used, or who shall do certain things is entirely different.

In the present case there is nothing to indicate the welfare of the children is in jeopardy. There is no attempt by defendant to avoid or evade his parental obligations. Defendant merely says plaintiff has $1000 of his money which should be applied on what he owes. Plaintiff's position that her obligations as an individual are separate and distinct from her claims as the mother of the children overlooks the fact that here she is dealing with the father of the children, not a stranger.

In Iowa, parents have equal duties to support children. A parent cannot be relieved of the duty to support minor children by agreement with the other parent but the primary liability may be determined and the parents may contract relative thereto where the welfare of the children is not involved.

Addy v. Addy, 240 Iowa 255, 259, 264, 36 N.W.2d 352, 355, says:

"A father cannot be relieved from the duty to support his minor children by agreement of the mother. * * *.

"At common law and in most states the father is primarily liable for the support of his children. * * *.

"However in this state * * *, the view prevails that even as between the parents they are under the same legal duty to support the children."

In that case the parents had been divorced in a foreign state. Because of lack of jurisdiction no allowance for child support was made. Jurisdiction of the father was obtained in Iowa in an independent action for child support. We considered the needs and abilities of the parties and made an award.

Slack v. Mullenix, 245 Iowa 1180, 1186, 66 N.W.2d 99, 102, considered a provision in a divorce decree that defendant pay child support. As between the mother and the children we there definitely held "* * * the mother was entitled to the child-support award as against the claims of the children."

Where the welfare of a child is not involved, the right of the parents to contract between themselves is recognized. Pappas v. Pappas, 247 Iowa 638, 75 N.W.2d 264, 57 A. L. R.2d 1134.

Bouska v. Bouska, 249 Iowa 281, 288, 86 N.W.2d 884, 888, says: "In Iowa, parents are equally liable for the support of their minor children. But they may contract between themselves as to liability for such support, and equally the court may order either to furnish it and to hold the other free from liability therefor. It is true a parent may not be entirely relieved from such liability; the public policy of the State forbids. But as between themselves one may be held liable and the other relieved, and such an agreement or decree will be binding, at least to the extent of the resources of the parent so obligated."

Plaintiff has or should have $1000 of defendant's money in her possession. If she does not have the money, it is because she has used it according to her own decisions. She has not performed her written obligation. Defendant has performed his written obligations up to the time plaintiff kept $1000 due him.

By way of summary of some of our prior decisions, Addy v. Addy, supra, considered the needs and abilities of the parties and made an appropriate award; Slack v. Mullenix, supra, held the mother was entitled to the money as against the claim of the children; Pappas v. Pappas, supra, recognized the right of the parents to contract between themselves; and Bouska v. Bouska, supra, restated the rules and held either parent may be ordered to furnish support and the other freed from liability therefor. In the light of these precedents we conclude plaintiff should be ordered to give defendant credit for the $1000.

The rule of the Peck case, supra, should not be extended to sanction a position which does not appeal to a court of equity.

The judgment and decree of the trial court is reversed and

the cause remanded to the trial court for judgment and decree consistent herewith.—Reversed and remanded.

All JUSTICES concur except BLISS, J., who takes no part.