In re the MARRIAGE OF Cindy Rae MILLS and James Douglas Mills.

Upon the Petition of

Cindy Rae Mills, Petitioner–Appellant,

and Concerning

James Douglas Mills, Respondent–Appellee.

No. 88–682.

Court of Appeals of Iowa.

March 16, 1989.

As Corrected April 6, 1989.

Thomas J. Miller, Atty. Gen. of Iowa, and Mark Haverkamp, Asst. Atty. Gen., Child

Support Recovery Unit, for petitioner-appellant.

Scott M. Halverson, Leon, for respondent-appellee.

Heard by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

PER CURIAM.

The marriage of James and Cindy Mills was dissolved in November 1981. The 1981 dissolution decree placed the parties' one child, then twelve years old, in Cindy's custody. The 1981 decree directed James to pay Cindy child support of $50 per week. The 1981 decree awarded the parties' house to Cindy, subject to a $5,000 lien in favor of James; the decree provided that the $5,000 lien would be payable to James when the child reached majority.

James fell behind on his support obligation under the 1981 decree. He accumulated an arrearage of at least $1,800, which he never voluntarily paid.

In 1984 Cindy took bankruptcy. The marital homestead was lost to foreclosure proceedings in February 1985, with James receiving nothing for the $5,000 lien created by the 1981 decree. A discharge of Cindy's debts was entered in March 1985.

When the parties' child reached the age of eighteen in 1987, he desired to attend college. Cindy, therefore, sought a modification of the dissolution decree. In October 1987 the district court modified the decree by requiring James to pay child support of $150 per month for as long as the son was enrolled in college and was eligible under Iowa Code section 598.1(2).

James failed to make full payments under the October 1987 modification. Cindy sought the services of the Child Support Recovery Unit, which obtained a mandatory order for the assignment of James's income. This assignment order fixed James's delinquency under the 1981 dissolution decree at $1,857 and his delinquency under the October 1987 modification at $100. The assignment order required a deduction of $250 per month from James's income: $150 per month for the current educational support order, and $100 per month to be applied toward James's delinquency under the 1981 dissolution decree.

James filed a motion to quash this assignment order. The relief he sought included a request that he be granted a setoff against his child support arrearage for the $5,000 Cindy allegedly owed him under the 1981 dissolution decree.

After a hearing, the district court granted James a partial setoff. The district court held (1) the $5,000 obligation was enforceable against Cindy personally, not merely against the lost real estate; (2) the $5,000 debt was not discharged in bankruptcy because James had had no notice of Cindy's bankruptcy proceeding; and (3) the $5,000 debt entitled James to a setoff against the arrearages under the 1981 decree, but not against the arrearages under the October 1987 modification.

In accordance with its holdings, the district court modified the mandatory income assignment order as follows. The requirement that $150 per month be deducted from James's income for current educational support remains in effect. The additional deduction of $100 per month to satisfy arrearages will remain in effect only until the $100 arrearage in current educational support has been satisfied. The $1,857 arrearage under the 1981 dissolution decree is effectively extinguished, as it is set off against Cindy's $5,000 debt to James.

The Child Support Recovery Unit (CSRU) has appealed from the district court's order granting James a partial setoff.

I.

The CSRU contends the relief fashioned by the district court, including the partial setoff, exceeded the jurisdiction conferred on the court by James's motion to quash the mandatory income assignment order.

The CSRU also contends the district court erred by concluding that Cindy's $5,000 debt to James had not been discharged by Cindy's intervening bankruptcy. The CSRU contends James is bound by the bankruptcy discharge because he had actual knowledge, if not formal legal notice, of the bankruptcy.

Finally, the CSRU contends the district court's setoff order had the effect of retroactively modifying the 1981 dissolution decree by partially canceling the decree's child support award. The CSRU contends that such a retroactive modification is improper.

Our scope of review is de novo. Iowa R.App. P. 4.

## II.

In the case at bar a mandatory order of assignment was filed with the district court for Decatur County pursuant to the provisions of Iowa Code Chapter 252D. In response James filed a motion to quash the assignment order. The district court found Cindy was indebted to James for sums up to $5,000 and proceeded to modify the assignment order by setting off the delinquent child support against the debt, in effect erasing $1,857 in child support arrearages. It follows then that the trial court, as an adjunct of the motion to quash proceeding, essentially modified the Mills' original dissolution decree by eliminating James's past due support obligations.

■ The problem here is the district court was not confronted with a modification proceeding under Iowa Code section 598.21 (1987). As a result, the court exceeded its jurisdiction, as Cindy argues, by converting an action to quash a mandatory assignment to a modification proceeding. Our determination of this issue alone warrants reversal. See Vrban v. Levin, 392 N.W.2d 850, 852 (Iowa App.1986) (court overreached by converting a declaratory judgment action into a mediation). See also Gilliam v. Gilliam, 258 N.W.2d 155, 156 (Iowa 1977) (court overreached converting a contempt citation into a modification proceeding).

■ In any event, even·if the order had stemmed from a modification proceeding, the trial court possessed no authority to excuse James from past due and accrued child support payments.

Modification of a decree for support payments operates prospectively and not retrospectively. The right to modify does not authorize the court to divest the parties of rights accrued under the original decree. *Delbridge v. Sears*, 179 Iowa 526, 530–533, 160 N.W. 218; *Kell v. Kell*, 179 Iowa 647, 651, 161 N.W. 634. Even where a decree is modified and a change is made the payments that have accrued up to that time cannot thereby be affected. *Walters v. Walters*, 231 Iowa 1267, 1270, 3 N.W.2d 595; *Kell v. Kell*, supra; *Horn v. Horn*, 221 Iowa 190, 197, 265 N.W. 148.

*Vrban v. Levin*, 392 N.W.2d 850, 852 (Iowa App.1986) (quoting *Gilliam v. Gilliam*, 258 N.W.2d 155 (Iowa 1977)).

The district court based its ruling on the holding in *Picht v. Henry*, 252 Iowa 559, 107 N.W.2d 441 (1961). However, the circumstances here can be distinguished. In *Picht*, the appellee wife sold the family home, earning 3,000 above the amount remaining on the primary mortgage. The original decree provided that in the event the house was sold the wife shall pay the husband $1,000, which she chose not to do. The supreme court allowed the husband to set off his child support obligation against the debt. While acknowledging the general rule against relieving a parent of a child support obligation, the court held this rule "should not be extended to sanction a position which does not appeal to a court of equity." *Picht*, 252 Iowa at 563, 107 N.W. 2d at 444.

In the case at bar, the equities take a different turn. Cindy lost the family home through foreclosure and later filed bankruptcy. She was suffering through severe financial problems, unlike the wife in *Picht* who received a profit from the sale of the home and refused to pay $1,000 to her husband as she was legally obligated to do. In addition, the *Picht* court limited its holdings to circumstances where the welfare of the children is not involved. The record is sparse as to the adverse impact the failure of James to pay $1,857 in back support had on his child, but we are not prepared to hold here the child's welfare was not involved.

The overwhelming weight of authority subsequent to the *Picht* decision has made

it clear that the courts of this State have no authority to exonerate liability for all past due and accrued decretal support payments. *In re Marriage of Shepherd,* 429 N.W.2d 145, 147 (Iowa 1988); *In re Marriage of Harvey,* 393 N.W.2d 312, 313 (Iowa 1986).

Therefore, pursuant to the aforementioned rule, we reverse the order of the district court and reinstate the mandatory order of assignment filed with the Clerk of District Court for Decatur County on December 31, 1987.

REVERSED.