**Tamara (Reed) HAMMOND, Appellant,**

v.

**Allen REED, Appellee.**

No. 92–966.

Court of Appeals of Iowa.

Oct. 5, 1993.

Bonnie J. Campbell, Atty. Gen., John M. Parmeter, Sp. Asst. Atty. Gen., and E. Dean Metz, Asst. Atty. Gen., for appellant.

Allen Reed, Muscatine, pro se.

Considered by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

HABHAB, Judge.

On October 20, 1986, the district court entered a decree dissolving the marriage of Tamara and Allen Reed. The district court ordered Allen to pay sixty dollars per week child support for the parties' child, Sarah, born July 21, 1982. Tamara received Aid to Dependent Children (ADC) benefits through the State of Iowa and in exchange had assigned her right to support payments to the department of human services (DHS).

On March 31, 1989, the Child Support Recovery Unit (CSRU) filed an order for mandatory income withholding pursuant to Iowa Code chapter 252D (1987). Allen's employer was to deduct sixty dollars per week to fulfill his current obligation and twenty dollars per week for reimbursement of delinquent child support. The total support delinquency as of March 31, 1989, exceeded $6285.

On April 6, 1992, Allen filed an application for modification of the order for mandatory income withholding. Allen alleged that his employment situation significantly changed after the order for mandatory income withholding had been filed. Allen had been incarcerated from July 2, 1990, through February 4, 1991. At the time he sought modification, Allen was employed earning $6.00 an hour. CSRU filed a resistance to the motion to modify and an addendum to the resistance.

On May 12, 1992, the district court entered an order modifying the order for mandatory income withholding. The district court ordered Allen's employer to deduct forty-five dollars per week, effective May 7, 1992, as payment of his current child support obligation. The district court also ordered Allen's employer to deduct ten dollars per week for reimbursement of delinquent child support.

The CSRU appeals. We reverse.

Our scope of review is de novo. Iowa R.App.P. 4.

The CSRU contends the district court, acting upon a motion to modify an assignment of income under Iowa Code chapter 252D, lacks the authority to modify the underlying child support order entered under Iowa Code chapter 598.

## I.

■ We turn first to those portions of the statues that bear on these proceedings. The statute that sets forth the procedure that may be employed in the event support payments are not paid when "ordered under chapter 232, 234, 252A, 252C, 252D, 252E, 598, 600B or any other applicable chapter, or under a comparable statute of a foreign jurisdiction" is found in Iowa Code section 252D.1(2) (1991), which in part provides:

> If support payments ... become delinquent in an amount equal to the payment for one month, upon application of a person entitled to receive the support payments, the child support recovery unit or the district court may enter an ex parte order notifying the person whose income is to be assigned, of the delinquent amount, of the amount of income or wages to be withheld, and of the procedure to file a motion to quash the order of assignment, and shall order an assignment of income and notify an employer, trustee, or other payor by certified mail of the order of the assignment of income requiring the withholding of specified sums to be deducted from the delinquent person's periodic earnings, trust income, or other income sufficient to pay the support obligation and ... requiring the payment of such sums to the clerk of the district court. ... The assignment of income is binding on an existing or future employer ... ten days after the receipt of the order by certified mail.

In the case before us, the CSRU filed the order for mandatory income withholding. In doing so, it exercised authority granted under chapter 252D. It is firmly established in *State ex rel. Keasling v. Keasling*, 442 N.W.2d 118, 121 (Iowa 1989), that such grant of authority is not an invalid delegation of a judicial function. The supreme court in *Keasling* reasoned that the order for withholding was not a "judgment" in the sense that it was independently enforceable. *Id.* at 121. As the *Keasling* court stated:

> In the present case, the order for withholding was not a "judgment" in the sense that it was independently enforceable, despite Keasling's characterization of it as a judgment. The order had no independent enforceability by execution or other process but depended on a separate petition to the district court for an order of enforcement. The order is merely an "executive function coupled with quasi-judicial power which implements an execution of the law [or here, the court's judgment] by finding facts and determining alleged violations."

*Id.* (citation omitted).

The employee whose wages are ordered assigned is not without remedy. The assign-

ment of income may be modified, ex parte, by the CSRU or the district court

> upon the application of any party ... on the full payment of the delinquency or in an instance where the amount being withheld exceeds the amount specified in 15 U.S.C. § 1673(b) or may revoke the assignment of income upon the termination of parental rights, emancipation, death or majority of the child, or upon a change of custody.

Iowa Code § 252D.1(2).

In addition, the employee may challenge the order of assignment under section 252D.2. That section provides:

> 1. A petitioner under section 252D.1, subsection 3, may move to quash the order of assignment at any time by asserting that the delinquency did not occur or has been paid. A person whose income has been assigned under section 252D.1 may move to quash the order of assignment by filing the motion to quash and notice of the motion to quash with the court within ten days after the entering of the court order of assignment under section 252D.1, subsection 2, or at any time upon a showing of a mistake of fact relating to the delinquency. The clerk of the district court shall schedule a hearing on the motion to quash for a time not later than seven days after the filing of the motion to quash and the notice of the motion to quash. The clerk shall mail to the parties copies of the motion to quash, the notice of the motion to quash, and the order scheduling the hearing.
>
> 2. The payor shall withhold and transmit the amount specified in the order of assignment to the clerk of the district court until the notice that the motion to quash has been granted is received.

*Id.*

## II.

■ The respondent-employee moved to modify the assignment order. He alleges under paragraph two of his motion and the prayer thereof:

> Subsequent to the entry of this Administrative Order, Respondent's employment situation has changed significantly. Short-

ly after the Administrative Order was entered, Respondent went to prison, and was so incarcerated from July 2, 1990 through February 4, 1991. Shortly after his discharge from prison, Respondent was employed at Keller Ladder Company, Muscatine, Iowa. Keller Ladder closed its doors in October, 1991. Respondent's current employment is Temp Associates, Muscatine, Iowa, where he earns $6.00 per hour. Current Supreme Court guidelines suggest that the Respondent's actual child support obligation should be much lower than the $60.00 per week previously ordered.

> Wherefore, respondent prays that the court modify the order for Mandatory Income Withholding previously filed to an amount commensurate with current Supreme Court guidelines.

The main thrust of the respondent-employee's motion to modify is (1) that his employment situation has changed and (2) that his child support obligation (under the dissolution decree) should be much lower than the $60 previously ordered and, accordingly, the mandatory income withholding should be modified to an amount commensurate with current supreme court guidelines. We are again reminded of the statutory provisions relating to modification, i.e., "any party ... may modify the assignment of income on the full payment of the delinquency or in an instance where the amount being withheld exceeds the amount specified in 15 U.S.C. § 1673(b)." Iowa Code § 252D.1(2).

Turning then to the provisions that govern modification as set forth above, it is clear the respondent-employee has not made full payment of the delinquency. Thus, he takes no relief under the first portion of the above-quoted part of section 252D.1(2). As it relates to the second provision, our review of the record reveals that the amount to be withheld does not exceed the amount specified in 15 U.S.C. § 1673(b). Thus, he gains no benefit from the second portion of that quoted section.

We are of the opinion that the trial court must be reversed and the order relating to the assignment of income reinstated. In doing so, we do not mean to say that the scope

of a motion to modify is always limited to the grounds set forth in the statute. Justice Larson, speaking for the court in *Keasling* when addressing the scope of a motion to quash, stated:

> He [employee] contends that the statute does not allow adequate grounds for relief because it provides only that the motion to quash can raise the identity and the amount owed. This case itself belies the suggestion that the scope of a motion to quash is so severely limited because Keasling actually raised constitutional arguments in his motion. We believe the provision in section 252D.2 which allows an absent parent to challenge the *amount* owed necessarily encompasses virtually any challenge to the wage withholding because, if for any reason the proceeding is improper, no amount is owed.

*Keasling,* 442 N.W.2d at 123 (emphasis in original). We believe this should also apply to a motion to modify.

We reject the respondent-employee's grounds in this instance for they clearly are matters that should be raised in an action to modify the underlying dissolution decree. Nor are we persuaded by appellant's argument that the trial court's ruling modified the dissolution decree. (Although perhaps indirectly if the recipient of the child support amount relied solely on the withholding, this may be the result.) If we read the trial court's ruling properly, it does not affect the child support award under the dissolution decree. That amount remains intact. The trial court's ruling related only to the amount to be withheld and applied to the amounts owed. The payment of the remaining amount was never excused. Our result is premised solely on the grounds that the allegations and prayer urged by the respondent-employee cannot be resolved in proceedings brought under chapter 252D.

In urging reversal on the grounds that the action of the trial court in effect resulted in a modification of the dissolution decree, appellant cites us to *Mills v. Mills,* 441 N.W.2d 416 (Iowa App.1989). In *Mills,* the trial court found the former wife was indebted to the former husband for sums up to $5000 and proceeded to modify the assignment order by setting off the delinquent child support against the debt. *Id.* at 418. It is clear in *Mills* that the ultimate result of the trial court's ruling, by virtue of the setoff, was a modification of the dissolution decree. *Id.* In *Mills,* we found the trial court exceeded its jurisdiction by converting an action to quash a mandatory assignment to a modification proceeding. *Id.; see also Vrban v. Levin,* 392 N.W.2d 850, 852 (Iowa App.1986) (court overreached by converting a declaratory judgment into a modification proceeding); *Gilliam v. Gilliam,* 258 N.W.2d 155, 156 (Iowa 1977) (court overreached by converting a contempt citation into a modification proceeding).

We reverse the district court's modification and reinstate the original assignment of income.

**REVERSED.**