In re the MARRIAGE OF John Robert WINNIKE and Kathleen Kruse–Winnike.

Upon the Petition of

John Robert Winnike, Petitioner–Appellee,

And Concerning

Kathleen Kruse–Winnike, Respondent–Appellant.

No. 97–0021.

Court of Appeals of Iowa.

Dec. 29, 1997.

Kathleen Kruse–Winnike, Iowa City, pro se.

Patricia C. Kamath of the Kamath Law Office, Iowa City, for appellee.

Considered by CADY, C.J., and SACKETT and STREIT, JJ.

## ORDER

PER CURIAM.

Respondent-appellant Kathleen Kruse–Winnike appeals contending this court should quash an order directing her monthly child support obligation to petitioner-appellee John Robert Winnike for the parties' minor child, Kelsey, be withheld from her disability benefits. She also contends her child support obligation should be modified and she should be given Kelsey's primary physical care. We affirm and remand.

Following the parties' divorce, John was awarded primary physical care of Kelsey. Kathleen was ordered, beginning in November of 1991, to pay $475 a month in child support. Under the directive of Iowa Code chapter 252D, Kathleen's child support obligation was deducted from income she earned working for Procter & Gamble in Iowa City.

Starting in July of 1996, Kathleen was no longer employed by Procter & Gamble, but Procter & Gamble began paying her disability benefits. John asked for a court order to authorize Procter & Gamble to withhold child support from Kathleen's disability benefits. On December 10, 1996, the court, without notice to Kathleen, entered an order granting John's request. The court further found Kathleen owed delinquent support of $4678.45. The court directed that should Kathleen again be employed by Procter & Gamble, it should withhold $100 a month to apply to delinquent support in addition to withholding for current support.

Kathleen filed a motion to strike the withholding order, a motion to vacate, and a motion to modify the decree. Before the district court ruled on these filings, Kathleen filed a notice of appeal with the Supreme Court. The trial court subsequently noted it was without jurisdiction to consider the matter because of the appeal.[1]

■ Kathleen first contends the district court should not have entered the order without a hearing.

Iowa Code section 252D.1(2) provides, in relevant part, as to valid judgments for child support delinquent for more than one month as follows:

> [U]pon application of the person entitled to receive the support payments, ... the district court may enter an *ex parte order* notifying the person whose income is to be assigned, of the delinquent amount, of the amount of ... *benefits* to be withheld, and of the procedure to file a motion to quash the order of assignment, and shall order an assignment of income requiring the withholding of specified sums to be deducted from the delinquent person's ... *benefits*, or other income sufficient to pay the support obligation....

(Emphasis supplied.)

■ John had a valid order requiring Kathleen pay child support. Support was delinquent. The statute provides an ex parte order may issue assigning income from benefits or other income to pay child support. *Id.*; *see also Hammond v. Reed*, 508 N.W.2d 110, 111 (Iowa App.1993). A disability benefit is income. *See In re Marriage of De-Nuys*, 543 N.W.2d 894, 897 (Iowa 1996). The trial court did not err in entering the order.

Kathleen's other arguments have not yet been addressed in the district court. She is not without a remedy. *Hammond*, 508 N.W.2d at 112. Provisions for quashing such order are provided in Iowa Code section 252D.2. Kathleen filed a motion to quash and other filings. These filings were not ruled on because Kathleen filed a notice of appeal. There is not a sufficient record for us to consider these challenges. We remand to the district court to consider the matters raised in Kathleen's motions. We do not

---

1. The district court filed a memorandum recognizing Kathleen is entitled to a hearing on whether the order should continue or be modified, but the district court found itself without jurisdiction because of Kathleen's appeal.

retain jurisdiction. Costs on appeal are taxed to Kathleen. We affirm and remand.

**AFFIRMED AND REMANDED.**