# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JASON DAVID SIGERS,

Defendant-Appellant.

UNPUBLISHED
March 10, 2016

No. 325159
Eaton Circuit Court
LC No. 14-020207

Before: SERVITTO, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Defendant, Jason David Sigers, was convicted by a jury of first-degree retail fraud, MCL 750.356c, and sentenced as a fourth-offense habitual offender, MCL 769.12, to 46 months to 20 years in prison. He appeals as of right. We affirm.

This case arises out of the theft of a nail gun valued at $399 from a home-improvement store in March 2014. While completing her end-of-the-night walkthrough, an assistant manager found an empty nail gun container on the floor of the store. She contacted the manager, and both informed the store's loss-prevention officer, Jamie Shock. Shock shared a surveillance photograph taken of the suspect with a loss-prevention officer at another store, Stacy Cain, who eventually identified the suspect as defendant. Cain testified that she recognized the photograph of defendant and was able to learn defendant's name from a member of a group she and Shock belonged to that was organized to share information regarding retail-fraud suspects. This information was shared with law enforcement, and defendant was subsequently arrested for, charged with, and convicted of the offense stated above. This appeal followed.

On appeal, defendant argues that the trial court erroneously admitted Cain's testimony regarding the group described above pursuant to MRE 402, 403, and 404. We disagree. Generally, questions involving the interpretation of court rules are reviewed de novo. *People v Petit*, 466 Mich 624, 627; 648 NW2d 193 (2002). While defendant did object to Cain's testimony regarding how she learned defendant's name on hearsay grounds, she did not challenge the testimony on relevance, prejudice, or character grounds. Thus, this issue is unpreserved and reviewed for plain error affecting substantial rights. *People v Danto*, 294 Mich App 596, 605; 822 NW2d 600 (2011).

First, defendant argues that the trial court erred in admitting this testimony pursuant to MRE 402. Under MRE 402, all relevant evidence is admissible. Evidence is relevant if it has a

-1-

tendency "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401; See also *People v Sabin (After Remand)*, 463 Mich 43, 57; 614 NW2d 888 (2000). A relevant and material fact "need not be an element of a crime or cause of action or defense but it must at least be 'in issue' in the sense that it is within the range of litigated matters in controversy." *People v Mills*, 450 Mich 61, 67-68; 537 NW2d 909 (1995) "(citation and internal quotation marks omitted).

In this case, Cain's testimony regarding the identification procedure used to identify defendant was both relevant under MRE 401 and admissible under MRE 402. "[I]t is well settled that identity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). Cain testified that the group was organized to share information regarding retail-fraud suspects, one of which happened to be defendant. Shock was unable to identify defendant using only his photograph. Thus, he contacted Cain, who recognized the suspect in the photograph as defendant and learned defendant's name through another member in the group. On appeal, defendant claims that this testimony was "extensive" and led the jury to believe he was part of an "organized retail fraud ring," but that mischaracterizes the testimony at issue. Cain and Shock briefly described the group as having been created to share information regarding suspected retail fraud in the area because, in their experiences, the same suspects generally stole from multiple stores. The record simply does not include "extensive testimony" about defendant's membership in an organized retail fraud ring as defendant suggests. Thus, we conclude that the identification procedure used to identify defendant was admissible under MRE 402.

Next, defendant argues that the trial court erred in admitting this testimony pursuant to MRE 403. Under MRE 403, relevant evidence may be excluded if its probative value is *substantially* outweighed by the danger of unfair prejudice. MRE 403 does not prohibit prejudicial evidence; rather, it prohibits *unfairly* prejudicial evidence. *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998). "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *Id*.

In this case, the probative value of Cain's testimony regarding the identification procedure used to identify defendant was not substantially outweighed by the danger of unfair prejudice. Again, Cain merely testified that she was able to learn defendant's name through her membership in the group described above. She did not, as defendant claims, portray him as a "gang member" engaged in an "organized retail fraud ring." This evidence, i.e., the identification of the perpetrator, was probative, *Yost*, 278 Mich App at 356, and that probative value was not substantially outweighed by any danger of unfair prejudice claimed by defendant. Further, we reject defendant's unsupported claim that "[i]t would have been a simple matter to tell the jury that [the store] got the name from another source." At the very least, that implicates a variety of hearsay-, foundation-, and identification-related issues that were avoided by having Cain testify how she identified defendant, and the trial court gave a limiting instruction as to the purpose of the identification testimony due to defendant's hearsay objection. *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003) ("Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors."). Thus, we conclude that the identification procedure used to identify defendant was admissible under MRE 403.

Defendant also argues that the trial court erred in admitting this testimony pursuant to MRE 404(b). While evidence of a defendant's character is generally inadmissible to prove action in conformity therewith, MRE 404(a), evidence of a defendant's other acts is admissible under MRE 404(b)(1) if it is (1) offered for a proper purpose, (2) relevant to an issue of fact or consequence, and (3) not unfairly prejudicial. *People v VanderVliet*, 444 Mich 52, 74-75; 508 NW2d 111 (1993). Under MRE 404(b)(2), reasonable notice of other-acts evidence is generally required.

In this case, Cain's testimony regarding the identification procedure used to identify defendant did not constitute inadmissible character evidence under MRE 404(a) or implicate MRE 404(b). Under MRE 404(a), character evidence of the accused is generally inadmissible. On appeal, defendant claims that Cain's testimony regarding the group described above constituted inadmissible character evidence. But Cain did not testify regarding defendant's character. She did not expressly or implicitly state that defendant had committed previous criminal acts involving retail fraud or had participated in an organized retail fraud ring as defendant repeatedly claims on appeal. She testified how she learned defendant's name. The fact that she did so through the group, alone, does not automatically imply that defendant was a serial thief and affiliated with a gang as he contends. Furthermore, because this testimony did not include evidence of other crimes, wrongs, or acts, MRE 404(b) is not implicated. Thus, we conclude that Cain's testimony regarding the identification procedure used to identify defendant did not constitute inadmissible character evidence under MRE 404(a) or implicate MRE 404(b).

Lastly, defendant briefly claims that "[t]rial counsel's failure in the instant case to recognize and invoke straightforward rules of evidence and fair play was unreasonable . . . ." A criminal defendant has a constitutional right to effective assistance of counsel. To establish a claim of ineffective assistance of counsel, a defendant must first show (1) that trial counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for the trial counsel's performance, the result of the proceeding would have been different. *People v Toma*, 462 Mich 281, 302-303; 613 NW2d 694 (2000). There is a strong presumption that trial counsel's assistance was effective, and a defendant bears the burden on appeal of demonstrating otherwise. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). Failing to raise a meritless objection does not constitute ineffective assistance of counsel. *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012).

In this case, any objection by trial counsel would have been meritless for the reasons set forth above. Therefore, his performance did not constitute ineffective assistance. *Eisen*, 296 Mich App at 329. Furthermore, while he states "that this was a close case" and "there is a reasonable probability that Defendant would have been acquitted in the absence of the objectionable questioning," this conclusory statement is unsupported by the record. Conversely, the record reflects substantial evidence of defendant's guilt. Thus, we conclude that trial counsel's performance did not constitute ineffective assistance of counsel.

Affirmed.

/s/ Deborah A. Servitto
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien

-3-