# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 9, 2017

Plaintiff-Appellant,

v

No. 332731
Oakland Circuit Court

BRENT NELSON,

LC No. 2016-257691-FH

Defendant-Appellee.

Before: SERVITTO, P.J., and STEPHENS and RONAYNE KRAUSE, JJ.

PER CURIAM.

The prosecution appeals by leave granted the trial court's decision denying its motion to introduce evidence of defendant's subsequent bad acts during trial. See *People v Nelson*, unpublished order of the Court of Appeals, entered June 3, 2016 (Docket No. 332731). We remand for the trial court to conduct a MRE 403 balancing test.

## I. FACTS AND PROCEDURAL HISTORY

At defendant's preliminary examination, it was established that on November 30, 2015, police officers responded to a report of an alleged domestic assault on a victim who had left her house and fled to a nearby TCF Bank with her child. After speaking with the victim, an officer proceeded to her house where the alleged assault took place to look for defendant, the alleged perpetrator, who was the victim's boyfriend. Officers found defendant standing next to the passenger side of his truck, which was parked in the driveway next to a row of tall bushes. The officers searched defendant and discovered a clear plastic straw with cocaine residue in his front pocket. A mesh bag defendant was carrying contained $59,432.00 in cash and four Oxycodone pills. A K-9 narcotic dog alerted for the presence of the odor of narcotics on the cash. Moreover, a purple Crown Royal bag was found in the bushes next to defendant's truck and appeared to have just been placed there. The Crown Royal bag contained 115 grams of cocaine tied in several small bags. A patrol-car video showed defendant walking to the back of his truck and over to the bushes before the arrival of the police. A house surveillance camera showed defendant coming in and out of the house, on numerous occasions, from the back door of the residence to the area where defendant's truck was parked. A search of the basement of the house, where defendant had a room, uncovered several items including a digital scale with cocaine residue on it, a knife, a bag of sandwich baggies sitting next to the scale, and a purple straw with cocaine residue. The prosecution's expert opined that the manner of packaging the

-1-

cocaine found inside the Crown Royal bag was in, the scale recovered from the basement, the sandwich bags found by the scale, and the $59,432.00 found inside the mesh bag were indicative of intent to distribute the cocaine. Defendant was charged with one count of possession with intent to deliver 50-449 grams of a mixture containing the controlled substance cocaine, MCL 333.7401(2)(a)(iii); one count of possession of marijuana, MCL 333.7403(2)(d); one count of domestic violence, MCL 750.81(2); and one count of possession of less than 25 grams of Oxycodone, MCL 333.7403(2)(a)(v). After the preliminary examination, the district court bound defendant over on all the charges, holding that probable cause was shown as to each of the offenses.

Subsequently, the prosecution brought a motion to introduce similar acts evidence at defendant's trial to show defendant's knowledge of the controlled substance, his identity as the possessor of the cocaine found inside the Crown Royal bag, and a similar scheme or plan involving the charged offenses and the subsequent act. The prosecution alleged that on March 22, 2016, police officers responded to an alleged assault at a casino and the victim informed them that defendant had struck him in the head with a black plastic box with a handle. When defendant was arrested, he was holding a black plastic box that contained 27.5 grams (approximately one ounce) of cocaine, prescription pills, and $2,046.00 in cash.

Defendant objected to the introduction of the subsequent act evidence, arguing that it was "uncharged post-charge conduct" involving mere possession of drugs, which was distinct from possession with intent to distribute. Defendant also argued that there was an insufficient factual nexus between the similar act evidence and the offenses charged. Defendant contended that the evidence would merely go to show his bad character. The prosecution argued that the evidence was relevant to establish the "essential element of knowledge and right to control," and would not unfairly prejudice defendant. The trial court denied the prosecution's motion, holding that it was a "stretch" to introduce evidence of defendant's uncharged conduct, which occurred "four to five months" after he committed the charged offenses. The court also held that under *People v Crawford*, 458 Mich 376; 582 NW2d 785 (1998), there was an insufficient nexus to allow the introduction of the other acts evidence.

## II. STANDARD OF REVIEW

"A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion." *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013). An abuse of discretion occurs when the trial court chooses an outcome that is outside the range of principled outcomes. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010).

## III. ANALYSIS

The admission of other acts evidence reflecting on a defendant's character is limited by MRE 404(b), to avoid the danger of conviction based on a defendant's history of other misconduct rather than on the evidence of his conduct in the case in issue. *People v Starr*, 457 Mich 490, 495; 577 NW2d 673 (1998). MRE 404(b)(1) provides:

Evidence of other crimes, wrongs, or action is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

Evidence of other crimes or acts is admissible under MRE 404(b) if such evidence: (1) is offered for a proper purpose and not to prove the defendant's character or propensity to commit the crime; (2) is relevant to an issue or fact of consequence at trial; and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *People v VanderVliet*, 444 Mich 52, 74-75; 508 NW2d 111 (1993), amended on other grounds 445 Mich 1205 (1994).

In *People v Mardlin*, 487 Mich 609, 616; 790 NW2d 607 (2010), the Michigan Supreme Court stated that MRE 404(b)(1) "is not exclusionary, but is inclusionary, because it provides a nonexhaustive list of reasons to properly admit evidence that may nonetheless also give rise to an inference about the defendant's character." "Evidence relevant to a noncharacter purpose is **admissible** under MRE 404(b) **even if** it also reflects on a defendant's character" and is "**inadmissible** under this rule **only** if it is relevant **solely** to the defendant's character or criminal propensity." *Id* at 615-616. According to the Court, "[a]ny undue prejudice that arises because the evidence unavoidably reflects the defendant's character is then considered under the MRE 403 balancing test, which permits the court to exclude the relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *Id.* (Internal citation marks omitted). Pursuant to MRE 403, relevant evidence may still be excluded if the potential for prejudice significantly outweighs its probative value. *People v Watson*, 245 Mich App 572, 577; 629 NW2d 411 (2001). The Court must weigh the probative value of the evidence against "the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403.

A review of the record fails to indicate whether the trial court conducted the balancing test required under MRE 403 in connection with the admission of the evidence under MRE 404(b). In ruling, the trial court merely offered the statement that there was not a sufficient nexus between the uncharged act and the charged act to warrant admission under *Crawford*. There is no evidence on the record to support that the trial court made specific findings as to whether the introduction of other acts evidence would be unfairly prejudicial or that it weighed the probative value or relevance of the evidence against the unfair prejudice, two distinct inquiries to be made under the balancing test of MRE 403. *People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371 (2011). For the foregoing reasons, we find the trial court erred by failing to conduct a balancing test required under MRE 403. If the trial court did consider the unfair prejudice or weigh the probative value or relevance of the evidence, we find it is not readily apparent from the record making this Court unable to effectively review the trial court's decision to deny the motion to admit similar acts evidence. Accordingly, while retaining jurisdiction, we remand this case with instructions to the trial court to conduct a MRE 403 balancing test.

Remanded for further proceedings not inconsistent with this opinion. We retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Amy Ronayne Krause

# Court of Appeals, State of Michigan

## ORDER

People of MI v Brent Nelson

Docket No.   332731

LC No.     2016-257691-FH

Deborah A. Servitto
Presiding Judge

Cynthia Diane Stephens

Amy Ronayne Krause
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the date of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court shall conduct an MRE 403 balancing test required in connection with the admission or exclusion of other acts evidence under MRE 404(b). The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings. Upon receipt, appellant shall provide a copy of the transcript(s) to the Court.

Within 14 days of the filing of the transcript, the parties may file supplemental briefs, not to exceed 10 pages, addressing the proceedings on remand.

/s/ Deborah A. Servitto

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

March 9, 2017
Date

Chief Clerk